■ JOHN PAGANO et al., Appellants, v MASSAPEQUA GENERAL HOSPITAL, Respondent. — In a medical malpractice action, plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Lockman, J.), entered June 23, 1981, which is against them and in favor of the defendant, after a jury trial. Judgment reversed, on the law and in the interest of justice, and new trial

granted, with costs to abide the event. Under the circumstances of this case it was error to submit as separate questions, with respect to the return of a special verdict pursuant to CPLR 4111 (subd [b]), first, the issue of plaintiffs' prima facie case of proximate cause and, second, assuming an answer favorable to plaintiffs as to the first question, a further issue of plaintiffs' prima facie case, i.e., a departure from community standards. In addition, the affirmative answer to the first interrogatory and the negative answer to the second interrogatory, raise serious questions of inconsistency (see *Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507; *Zeleznik v Jewish Chronic Disease Hosp.,* 47 AD2d 199, 207). The record further discloses that during deliberations the jury returned to the courtroom seeking assistance with respect to two matters, namely, (1) a request for a restatement of the definition of malpractice, and (2), a question as to whether Apolinario Sepulveda, the employee of the defendant hospital who examined, diagnosed and released plaintiff John Pagano from the defendant's emergency room, was qualified in the State of New York to practice medicine at defendant hospital. Plaintiffs excepted to the court's ruling that it would not inform the jury that "he [Sepulveda] does not have a license or a limited permit". Thereafter the court instructed the jury that the matter of Sepulveda's qualifications was a question of fact for it to determine. After retiring for further deliberations the jury returned and asked the following question: "Is Exhibit 3A a certificate from the [Educational Council for Foreign Medical Graduates issued to Sepulveda] the same as a permit to practice in the State of New York?" The court thereafter read a portion of section 6525 of the Education Law, which states in relevant part: "Permits limited as to eligibility, practice and duration, shall be issued by the department to eligible applicants, as follows: 1. Eligibility: The following persons shall be eligible for a limited permit: * * * (2) A foreign physician who holds a standard certificate from the educational council for foreign medical graduates". Referring to the certificate admitted in evidence as plaintiffs' exhibit 3A, the court stated "that is what this is, this is a standard certificate, it is not a permit". Based upon the uncontradicted testimony of Sepulveda, and all other evidence on this issue adduced at trial, in its initial charge and, a fortiori, in response to the questions posed by the jury, the court should have instructed it that, as a matter of law, Sepulveda was not a licensed physician in the State of New York, that he did not hold a limited permit for the practice of medicine at the defendant hospital as required by sections 6522 and 6525 of the Education Law and that, therefore, he was not qualified to practice medicine at the defendant hospital (see CPLR 4504, subd [d]; 2C Warren's Negligence, Physicians & Surgeons, § 18). Titone, J. P., Gibbons, Thompson and Bracken, JJ., concur.